UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:10-66-KKC

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| V. | **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| DOYLE LAMONT LEE, | DEFENDANT. |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the undersigned on Defendant Doyle Lamont Lee's *pro se* Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, [Record No. 64, Case No. 5:10-cr-66-KKC], and the United States' Motion to Dismiss, [Record No. 80, Case No. 5:10-cr-66-KKC]. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that both the United States' Motion to Dismiss [Record No. 80, Case No. 5:10-cr-66-KKC] and Lee's motion [Record No. 64, Case No. 5:10-cr-66-KKC] be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

This action involves two separate criminal prosecutions against the movant, Doyle Lamont Lee. In the first prosecution, Lee was sentenced on October 2, 1998, to 120 months imprisonment followed by ten (10) years of supervised release following his plea of guilty to selling, distributing, or dispensing a controlled substance. [Record Nos. 50, 70, Case No. 5:98-cr-24-KKC-1]. After serving his term of imprisonment and while on supervised release in the first matter, Lee pled guilty in a second, separate criminal matter on October 26, 2010, to possession

with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. [Record No. 26, Case No. 5:10-cr-66-KKC]. As a result of his guilty plea, Lee was found to be in violation of the conditions of his supervised release imposed in the first criminal prosecution, and his supervised release was revoked. [Record No. 102, Case No. 5:98-cr-24-KKC-1].

On June 8, 2011, Lee was before the Court for sentencing in both matters. In relation to the violation of his supervised release in the first matter, Lee was sentenced to thirty-six (36) months imprisonment to be served consecutive to any sentence imposed in the second criminal matter. [Record No. 102, Case No. 5:98-cr-24-KKC-1]. In the second criminal felony prosecution, Lee was sentenced to twenty-one (21) months imprisonment for possession with intent to distribute marijuana, sixty (60) months for the possession of a firearm, and four years of supervised release, all to run consecutively to the revocation sentence of thirty-six (36) months imposed for violation of his supervised release in the first matter, for a total combined sentence of 117 months. [Record No. 102, Case No. 5:98-cr-24-KKC-1; Record No. 60, Case No. 5:10-cr-66-KKC].

Lee did not file a direct appeal in this, the second criminal action. [Record No. 64, at 5, Case No. 5:10-cr-66-KKC]. However, on June 11, 2012, Lee filed the instant action under 28 U.S.C. §2255, raising one (1) ground for correction of his sentence. [Record No. 64, Case No. 5:10-cr-66-KKC]. Lee argues that his right to effective assistance of counsel was denied, because his attorney failed to argue that the term of imprisonment for violation of his supervised release in the earlier matter should run concurrently with his sentences on the underlying charges in this action. [Record Nos. 64, at 4-5; 67, Case No. 5:10-cr-66-KKC]. The United States moved to dismiss Lee's motion, claiming the Court lacks jurisdiction because Lee fails to show that he was

prejudiced by any error of his attorney. [Record No. 80, Case No. 5:10-cr-66-KKC]. Because the Court retains jurisdiction notwithstanding Lee's alleged failure to show prejudice, it will be recommended that the United States' motion be denied. However, because Lee's counsel was not ineffective, it will also be recommended that his motion under § 2255 be denied.

## II. APPROPRIATENESS OF THE FORM OF THE INSTANT ACTION

Generally, an action under 28 U.S.C. § 2255 is inappropriate to challenge revocation of probation or supervised release. *See* R. GOVERNING § 2255 PROCEEDINGS 1, Adv. Cmt. Note. However, as the Ninth Circuit has explained,

> The general rule stated in the advisory committee note, that § 2255 is not the proper means for challenging a probation revocation, is based upon the concept that § 2255 is a further step in a defendant's criminal case rather than a separate civil action. In the situation in which the prisoner is challenging a probation or parole determination that does not involve the sentencing court, the general rule set forth by the advisory committee note is appropriate. However, when the challenged decision is a decision of the sentencing court, § 2255 provides the appropriate remedy.

Grady v. United States, 929 F.2d 468, 469 (9th Cir. 1991); *see also* Wood v. Jenkins, 1990 U.S. App. LEXIS 15720, at *8-15 (7th Cir. Sept. 6, 1990) (finding that a motion under § 2255 is appropriate if the defendant is challenging the decision of the court that revoked parole and/or imposed the sentence). Lee challenges the decision of the sentencing court in this action to run his sentence consecutively to the sentence imposed for violation of his supervised release in the earlier action. Therefore, Lee's motion under § 2255 filed with this Court is an appropriate avenue for relief.

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 2255 to successfully challenge conviction, a movant must establish either an error of constitutional magnitude which had a substantial injurious influence on the proceedings or a mistake of fact or law that was so fundamental as to result "in a complete

3

miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Walton v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citations and quotation omitted).

In addressing ineffective assistance of counsel claims, the Supreme Court has elaborated on the standard of review under 28 U.S.C. § 2255. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To meet this standard, the Court set forth a two part test that a defendant must satisfy by a preponderance of the evidence. First, defendants are required to show that their representation fell "below an objective standard of reasonableness." Id. at 687-88. This standard is very deferential, with a "strong presumption that counsel's conduct 'falls within a wide range of reasonable professional assistance.'" Cope v. United States, 272 Fed. App'x 445, 448 (6th Cir. 2008) (quoting Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003)). If a defendant is able to satisfy the first prong, the inadequacy of counsel's performance must be shown to have prejudiced the defendant. In order to demonstrate prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If a defendant meets both prongs of the test, deficient representation and actual prejudice, the defendant's sentence must be vacated or set aside. However, if a defendant is determined to have failed to satisfy one (1) prong of the Strickland test, the Court does not need to consider the other. Id., at 697.

4

## IV. ANALYSIS

*a. United States' Motion to Dismiss*

The United States asserts that, because Lee fails to establish that he is entitled to relief, the Court lacks jurisdiction to decide the motion and Lee's motion should therefore be dismissed. [Record No. 80, Case No. 5:10-cr-66-KKC]. However, as this motion under § 2255 is considered a continuation of the initial criminal proceedings, and the failure to establish grounds for relief does not deny the Court of jurisdiction, the United States' Motion to Dismiss [Record No. 80, Case No. 5:10-cr-66-KKC] should be denied.

*b. Lee's ineffective assistance of counsel claim*

Lee's motion asserts that he received ineffective assistance of counsel when his attorney stated that the law mandated that his sentences must run consecutively. [Record Nos. 64, 67, 82, Case No. 5:10-cr-66-KKC]. Lee further claims that the court abused its discretion by not recognizing its discretion to run the sentences concurrently, and erred by not stating on the record why it chose to impose consecutive sentences and analyze the required factors under the sentencing guidelines. [Record No. 64, 67, 82, Case No. 5:10-cr-66-KKC]. Lee states that his counsel was ineffective in failing prevent this abuse of discretion when he incorrectly stated that the court was required to run the sentence on the supervised release revocation consecutively with the sentences on the underlying crimes. [Record No. 64, 67, 82, Case No. 5:10-cr-66-KKC].

Lee was convicted under 18 U.S.C. § 924(c)(1) for possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(D) provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with *any* other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii) (emphasis added).

5

Accordingly, Lee's sentences for the supervised release violation and possession with intent to distribute marijuana were required to run consecutively to the sentence imposed for the possession of a firearm charge. *See, e.g.*, United States v. Segarra, 582 F.3d 1269, 1272-73 (11th Cir. 2009) (concluding the plain language of § 924(c)(1)(D)(ii) requires the sentence to run consecutive to any term of imprisonment, not just those on the underlying charge); United States v. Easter, 553 F.3d 519, 526 (7th Cir. 2009) (same); United States v. Jolivette, 257 F.3d 581, 585-87 (6th Cir. 2001) (same). Likewise, Lee's sentence for the supervised release violation could not run concurrently with the sentence for possession of marijuana. Lee pled guilty to violating his supervised release condition that he shall not commit another federal, state, or local crime. This violation was based on his commission of possession of a firearm and possession of marijuana offenses. Because the supervised release violation was a result of the underlying violation of 18 U.S.C. § 924(c), the statutory language of § 924(c) controls the sentence imposed for the supervised release violation. Accordingly, under § 924(c)(1)(D)(ii), the sentence on the supervised release violation had to run consecutively to any other term of imprisonment. Therefore, the court had no discretion to impose the sentences concurrently and defense counsel's statement was correct. Consequently, Lee's counsel was not deficient for failing to argue that Lee's sentence for the supervised release violation should run concurrently and Lee was not deprived his right to effective assistance of counsel.

## V.  CONCLUSION

Having considered the matter fully and for the reasons stated above,

IT IS RECOMMENDED AS FOLLOWS:

(1)     That the United States' Motion to Dismiss [Record No. 80, Case No. 5:10-cr-66-KKC] be DENIED; and

(2)     That Defendant Lee's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 [Record No. 64, Case No. 5:10-cr-66-KKC] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation.  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 20, 2013.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge